891 F.2d 297
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hirotoshi YAMAMOTO, Plaintiff-Appellant,
v.
THRIFT GUARANTY CORPORATION OF HAWAII, Hawaii Thrift & Loan
(First Hawaiian Credit Corp. Inc.), Bankcorp Finance of
Hawaii, Servco Financial Corporation; GECC Financial Corp.;
State of Hawaii, Defendants-Appellees.
 No. 89-15231.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1989.*
Decided Dec. 1, 1989.
 
 Harold M. Fong, Chief District Judge, Presiding.
 Before SNEED, KOZINSKI and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hirotoshi Yamamoto alleged in his complaint that the defendants fraudulently subverted the bankruptcy court proceedings of Manoa Finance Company, Inc. and thereby caused him to suffer damages. The district court dismissed the complaint for a variety of reasons, one of which was the lack of subject matter jurisdiction. Yamamoto appeals. We affirm.
 
 
 3
 Yamamoto based his claim to subject matter jurisdiction on 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (denial of civil rights). As to the latter, Yamamoto alleged no civil rights violation, and thus his claim of subject matter jurisdiction under section 1343 fails.
 
 
 4
 As to his claim of federal question jurisdiction under section 1331, Yamamoto alleged that such jurisdiction existed because "of the intrusion upon and the subversion of the Bankruptcy proceedings, over which the Federal Courts have exclusive jurisdiction." He further alleged that as a result of this subversion, the bankruptcy court confirmed a plan of reorganization which caused assets of the debtor Manoa Finance Company, Inc. to be confiscated and deprived Yamamoto of the residual assets of the debtor's estate. Yamamoto made essentially the same claims during the reorganization proceedings. As he did in the district court, Yamamoto asserts that these acts violated his rights under the fifth and fourteenth amendments to the Constitution. We agree with the district court that these allegations are so insubstantial as not to provide the court with federal question jurisdiction under 28 U.S.C. § 1331. See Bell v. Hood, 327 U.S. 678, 682-83.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3